FILED

SEP 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS J. DIBIASI,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>STARBUCKS CORPORATION; et al.,<br><br>   Defendants - Appellees,<br><br> And<br><br>SPOKANE COUNTY WASHINGTON; et al.,<br><br>   Defendants. | No. 12-35583<br><br>D.C. No. 2:07-cv-00276-LRS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted August 25, 2014
Seattle, Washington

Before: NOONAN, HAWKINS, and CHRISTEN, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Douglas DiBiasi ("DiBiasi") appeals the amount of the district court's award of attorney's fees and expenses to Starbucks Corp. ("Starbucks"), Leslie Ruff ("Ruff"), and Heidi Parr ("Parr") (collectively, "Appellees"). The facts are known to the parties and will not be repeated here. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review for abuse of discretion a grant of attorney's fees, and we review de novo any statutory interpretation. *Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011). We conclude that the district court did not abuse its discretion in awarding $156,797.62 in attorney's fees and $18,319.79 in costs under Washington State's anti-SLAPP statute, Wash. Rev. Code § 4.24.510, and under 42 U.S.C. § 1988(b). Appellees did not unnecessarily prolong the litigation because they repeatedly sought to dismiss the case on the theory that they were immune from suit under Wash. Rev. Code § 4.24.510. Further, we conclude that this defense was not a pure question of law. Under the circumstances of this case, in order to establish the defense it was necessary for Appellees to conduct discovery and then move for summary judgment to obtain a ruling that Appellees' report to the police was made in good faith and was of the type that was "reasonably of concern to that agency." *See* Wash. Rev. Code § 4.24.510. Thus,

2

we conclude that the district court properly exercised its discretion in awarding attorney's fees and costs.

We also conclude that the district court properly determined that Appellees' itemization of fees and costs adequately documented their recoverable fees and expenses. The district court relied upon the declaration from Appellees' counsel, and awarded those reasonable fees and costs necessary to establish the immunity defense and to defend Parr against 42 U.S.C. § 1983 claims. In so doing, the district court did not abuse its discretion.

**AFFIRMED**.